IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SCOTT B. BRAMBLE,                          Case No. 6:13-cv-01006-AA
                                                OPINION AND ORDER
              Plaintiff,

        v.

CAROLYN W. COLVIN,
Commissioner of Social
Security,

              Defendant.
_____

Max Rae
P.O. Box 7790
Salem, Oregon 97303
     Attorney for plaintiff

S. Amanda Marshall
Ronald K. Silver
United States Attorneys Office
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97201

Lars J. Nelson
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104
     Attorneys for defendant

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff Scott Bramble brings this action pursuant to the Social Security Act ("Act") to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied plaintiff's applications for Title II disability insurance benefits ("DIB") and Title XVI supplemental security income ("SSI"). For the reasons set forth below, the Commissioner's decision is reversed and this case remanded for further proceedings consistent with this opinion.

## PROCEDURAL BACKGROUND

In July 2009, plaintiff applied for DIB and SSI. Tr. 17, 74-75. His applications were denied initially and upon reconsideration. Tr. 76, 108. On January 31, 2012, a hearing was held before an Administrative Law Judge ("ALJ"), wherein plaintiff was represented by counsel and testified, as did a vocational expert ("VE"). Tr. 30-72. On March 26, 2012, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 14-24. After the Appeals Council denied his request for review, plaintiff filed a complaint in this Court. Tr. 1-4.

## STATEMENT OF FACTS

Born on August 17, 1970, plaintiff was 36 years old on the alleged onset date of disability and 41 years old at the time of the hearing. Tr. 35, 78. Plaintiff graduated from high school, attended some college, and obtained licenses to sell health insurance and prepare tax forms. Tr. 35, 217. He was previously

employed as a delivery driver, office specialist, and prep cook. Tr. 196. Plaintiff alleges disability as of February 15, 2007, due to migraine headaches, back pain, bipolar disorder, attention deficit hyperactivity disorder ("ADHD"), neurological disorder, obesity, diabetes, and memory loss. Tr. 77, 107.

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [a court] may not substitute [its] judgment for the ALJ's." Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which

can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment, he is not disabled.

At step three, the Commissioner determines whether the claimant's impairments, either singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is presumptively disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

At step four, the Commissioner resolves whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. At step five, the Commissioner must establish that the claimant can perform other work existing in significant numbers in the national and local economy. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(g), 416.920(g). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S FINDINGS

At step one of the five-step sequential evaluation process outlined above, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 19. At step two, the ALJ found that plaintiff had the following severe impairments: migraine headaches, peripheral neuropathy, and arthralgias in multiple sites. Id. At step three, the ALJ determined that plaintiff's impairments, either singly or in combination, did not meet or equal the requirements of a listed impairment. Tr. 20.

Because plaintiff did not establish presumptive disability at step three, the ALJ continued the sequential evaluation process to determine how plaintiff's impairments affected his ability to work. The ALJ resolved that plaintiff had the residual functional

capacity ("RFC") to perform "less than the full range of light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b)." Id. Specifically, in an eight-hour work day, plaintiff was limited to sitting no more than six hours and standing or walking no more than four hours. Id. The ALJ also restricted plaintiff "to occasional reaching above shoulder level, twisting, squatting, and bending." Id.

At step four, the ALJ concluded that plaintiff was capable of performing his past relevant work as a general clerk. Tr. 24. Based on these findings, the ALJ concluded that plaintiff was not disabled under the Act. Id.

## DISCUSSION

Plaintiff argues that the ALJ erred by: (1) finding his subjective symptom testimony not credible; (2) rejecting the lay witness testimony of Addi Flanigan; (3) improperly evaluating medical opinions from Mark Vanderburgh, M.D., Robert Henry, Ph.D., Paul Stoltzfus, Psy.D., and Joshua Boyd, Psy.D.; (4) failing to assess whether his ADHD was a medically determinable severe impairment at step two; and (5) making insufficient findings of fact at step four. As a result of these errors, plaintiff contends that a remand for the payment of benefits is warranted. The Commissioner concedes that the ALJ erred at step four, but requests a remand for further proceedings. Accordingly, the sole issue

before the Court is whether to remand this case for further proceedings or for the payment of benefits.

The decision "whether to remand the case for additional evidence or simply to award benefits is within the discretion of the court." Stone v. Heckler, 761 F.2d 530, 533 (9th Cir. 1985). A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. Strauss v. Comm'r of Soc. Sec. Admin., 635 F.3d 1135, 1138 (9th Cir. 2011) (citation omitted). The court, however, may not award benefits "unless the claimant is, in fact, disabled." Id. (citation omitted); see also Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) (discussing the discretionary credit-as-true doctrine). Conversely, a remand for further proceedings is proper where outstanding issues remain unresolved. Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003).

Further administrative proceedings are appropriate in the present case because the Court is unable to make a disability determination on the existing record. The credit-as-true doctrine is unavailing because, as discussed herein, the ALJ properly rejected plaintiff's testimony, Ms. Flanigan's testimony, and Dr.

Vanderburgh's medical opinion.[1]

I.    Plaintiff's Credibility

Plaintiff asserts that the ALJ failed to provide a clear and convincing reason, supported by substantial evidence, for rejecting his subjective symptom testimony concerning the extent of his impairments. When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996) (citation omitted).

A general assertion that the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." Orteza v. Shalala, 50 F.3d

---

[1] The Court need not address plaintiff's remaining allegations of error because they are contingent upon the medical reports of Drs. Henry, Stoltzfus, and Boyd, which either failed to detail any functional limitations or recognized that the stated limitations did not render plaintiff disabled. See Tr. 101; Tr. 476-482. In other words, this evidence, even if credited as true, is alone insufficient to establish disability, especially absent the testimony of a VE.

748, 750 (9th Cir. 1995) (internal citation omitted). If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

At the hearing, plaintiff testified that he is unable to work because of "headaches, migraines, and other various pains in [his] joints and back." Tr. 39. Plaintiff reported that he has debilitating migraines at least twice a week and a severe headache daily. Tr. 39-40, 46. He also complained of shoulder, hip, and back pain, which limits his ability to walk, stand, or sit for extended periods. Tr. 43-44. He reported using a cane in public "ninety percent" of the time. Tr. 47. According to plaintiff, he also suffers from ADHD, which negatively affects his concentration, productivity, and communication with others. Tr. 50. As for activities of daily living, plaintiff stated that he is able to do productive things around the home, such as washing dishes, taking out the garbage, and cleaning the bathroom, as well as attend college courses. Tr. 49, 52. He remarked further that, in the summer of 2011, he did yard work and painted his mother's house for two to three hours per day. Tr. 52.

After summarizing plaintiff's testimony, the ALJ determined that his medically determinable impairments could reasonably be expected to produce some degree of symptoms, but his statements regarding the extent of these symptoms were not fully credible

because his symptoms improved with treatment and he engaged in inconsistent activities of daily living, which also demonstrated the ability to engage in a limited range of light exertion work. Tr. 21-23.

Notably, the ALJ found that plaintiff's credibility was undermined by "evidence reflect[ing] improved functioning with treatment." Tr. 22. Impairments that can be adequately controlled with treatment are not disabling. Warre v. Comm'r of Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006). The record demonstrates that plaintiff experienced general improvement in his headaches and mood with medication. Tr. 389. In fact, a particular medication, gabapentin, prevented plaintiff's migraines. Tr. 576. Moreover, as the ALJ observed, plaintiff was "greatly improved in motivation, pain management, and depressive episodes" with mental health counseling. Tr. 22, 422. Finally, the record shows that plaintiff used additional medication to support "increased activity." Tr. 579. Accordingly, substantial evidence supports the ALJ's finding that plaintiff experienced medical improvement with treatment.

In addition, the ALJ rejected plaintiff's symptom testimony because it was inconsistent with his daily activities. Daily activities may be used to discredit a claimant where they either "are transferable to a work setting" or "contradict claims of a totally debilitating impairment." Molina v. Astrue, 674 F.3d 1104,

Page 10 - OPINION AND ORDER

1112-13 (9th Cir. 2012) (citations omitted).

Here, substantial evidence supports the ALJ's finding regarding plaintiff's daily activities. Plaintiff washed dishes, took out the garbage and recycling, and cleaned the bathroom. Tr. 52, 479. He drove and shopped independently, worked out at the gym, exercised in the pool, and helped trim bushes and paint his mother's house. Tr. 43-44, 52, 222, 579. Moreover, plaintiff worked part-time as a tax preparer and attended tax classes after the alleged onset date. Tr. 38, 479. Similarly, he attended the University of Phoenix for nine months and passed all but one of his classes. Tr. 49, 477. Although plaintiff was forced to discontinue his course work, it was due to issues with financial aid, not his alleged disability. Tr. 49-50, 477. Plaintiff also reported spending six to eight hours each day playing video games or watching television when he was not otherwise engaged. Tr. 41-42, 219, 479. These activities both belie plaintiff's hearing statements and evince an ability to perform a limited range of light work. Therefore, the ALJ's credibility finding is affirmed.

II.  Lay Witness Testimony

Plaintiff next contends that the ALJ neglected to provide a germane reason to reject the testimony his former girlfriend, Ms. Flanigan. Lay testimony regarding a claimant's symptoms or how an impairment affects the ability to work is competent evidence that an ALJ must take into account. Molina, 674 F.3d at 1114 (citation omitted). The ALJ must provide "reasons germane to each witness" in

Page 11 - OPINION AND ORDER

order to reject such testimony. Id. (citation and internal quotation omitted). Nevertheless, "if the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness." Id. (citation omitted).

Ms. Flanigan completed a Third-Party Adult Function Report while she was still dating plaintiff in August 2009. Tr. 228. Ms. Flanigan reported that plaintiff read, watched movies, played computer games, and engaged in limited housework and shopping. Tr. 228, 230-31. She also remarked that he is able to prepare basic meals, drive independently, and get along with authority figures. Tr. 230-31, 234. Ms. Flanigan nonetheless reported that plaintiff required assistance with personal care and had trouble concentrating and completing tasks. Tr. 229, 233. In addition, she stated that back pain made it difficult for him to stand, bend, reach, or walk. Tr. 233.

The ALJ did not find Ms. Flanigan's allegations "fully credible in light of the treatment record and [plaintiff]'s daily activities." Tr. 23. Lay witness testimony may be disregarded if it is inconsistent with the claimant's activities of daily living or the other evidence of record. Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005) (citation omitted).

Here, Ms. Flanigan's Third-Party Adult-Function Report was completed the day after plaintiff's Adult Function Report and is

Page 12 - OPINION AND ORDER

similar thereto. Compare Tr. 219-27, with Tr. 228-35. As addressed
in section I, the ALJ provided clear and convincing reasons,
supported by substantial evidence, to reject plaintiff's subjective
symptom testimony, and these reasons are equally applicable to Ms.
Flanigan. Namely, plaintiff's improvement with treatment and daily
activities erode the credibility of both his and his ex-
girlfriend's statements. See Molina, 674 F.3d at 1114-22 (affirming
the ALJ's decision "where the same evidence that the ALJ referred
to in discrediting the claimant's claims also discredits the lay
witness's claims") (citation and internal quotations omitted); see
also Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 694 (9th
Cir. 2009). Thus, the ALJ's decision is upheld as to the lay
witness testimony.

III.   Dr. Vanderburgh's Opinion

     Plaintiff also argues that the ALJ failed to provide legally
sufficient reasons, supported by substantial evidence, for
rejecting Dr. Vanderburgh's medical opinion. There are three types
of medical opinions in social security cases: those from treating,
examining, and non-examining doctors. Lester v. Chater, 81 F.3d
821, 830 (9th Cir. 1995). To reject the uncontroverted opinion of
a treating or examining doctor, the ALJ must present clear and
convincing reasons. Bayliss, 427 F.3d at 1216 (citation omitted).
If a treating or examining doctor's opinion is contradicted by
another doctor's opinion, it may be rejected by specific and

Page 13 - OPINION AND ORDER

legitimate reasons. Id. (citation omitted).

In February 2012, Dr. Vanderburgh, plaintiff's treating physician since 2004, completed a check-the-box form. Tr. 606. Dr. Vanderburgh diagnosed plaintiff with chronic headaches and stated that he would miss work an average of two to three days per month. Tr. 611. Dr. Vanderburgh also noted that plaintiff could sit no more than four hours in an eight-hour day, walk no more than two hours in an eight-hour day, and needed to take unscheduled breaks every one to two hours. Tr. 607. He remarked that, additionally, plaintiff would need to rest and recline for one hour per eight-hour work day. Tr. 606.

The ALJ afforded "little weight" to Dr. Vanderburgh's opinion because he "provide[d] no findings to support the described limitations." Tr. 23. Specifically, the ALJ noted that Dr. Vanderburgh's diagnosis was simply "chronic headaches," with no explanation of how this diagnosis caused the assessed limitations, and he failed to refer to clinical findings, objective or otherwise. Id. Further, the ALJ found that Dr. Vanderburgh's assessment was not supported by plaintiff's hearing testimony. Id.

"[W]hen evaluating conflicting medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings." Bayliss, 427 F.3d at 1216 (citation omitted); see also Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (an ALJ may "permissibly reject . . . check-off reports that [do] not contain any

Page 14 - OPINION AND ORDER

explanation of the bases of their conclusions"). In addition, the ALJ may reject a medical opinion that is inconsistent with a claimant's own statements. Morgan v. Comm'r of Soc. Sec., 169 F.3d 595, 602-03 (9th Cir. 1999).

Substantial evidence supports the ALJ's conclusion in the case at bar. An independent review of Dr. Vanderburgh's brief and conclusory opinion confirms that the doctor did not cite to or otherwise discuss any chart notes or clinical findings. Tr. 606-11. This is especially problematic because plaintiff's MRI and screening sinus tests were normal, and Dr. Vanderburgh's own chart notes reflect that plaintiff's headaches and pain symptoms improved with treatment. Tr. 361-62, 574, 576, 579; see also Warre, 439 F.3d at 1006. A state agency consulting source, Sharon Eder, M.D., also observed that the evidence of record does not "support the frequency or kind of headaches [plaintiff] is experiencing." Tr. 97.

Moreover, as discussed above, plaintiff also attended college classes and worked part-time as a tax preparer after the alleged onset date of disability. Tr. 38, 49, 479. Plaintiff completed household chores and routinely drove himself to his appointments and the grocery store. Tr. 44, 52, 222. Contrary to Dr. Vanderburgh's assessment, plaintiff testified that he could sit and walk for about an hour. Compare Tr. 43-44, with Tr. 606-07. As such, the ALJ's assessment of Dr. Vanderburgh's opinion is affirmed.

Page 15 - OPINION AND ORDER

In sum, taking the entire record into account, further proceedings are appropriate because the ultimate issue of plaintiff's disability is unsettled. As discussed above, the ALJ properly discredited all the evidence that was sufficient to establish disability if credited as true, such that factual issues remain concerning whether plaintiff is capable of working, or in what capacity, given his limitations. On remand, the ALJ must reassess plaintiff's alleged impairments at step two and reevaluate the medical evidence. If necessary, the ALJ must then reformulate plaintiff's RFC and perform the subsequent steps of the sequential evaluation process.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is REVERSED and this case is REMANDED for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED this 26th day of September 2014.


_____
Ann Aiken
United States District Judge