IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION


SCOTT B.,[1]

        Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. 6:13-cv-01006-AA
**OPINION AND ORDER**

AIKEN, District Judge:

Plaintiff, Scott B., has filed a contested Application for Attorney Fees under

the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 *et. Seq.* (doc. 48).[2] The

Commissioner opposes the fees requested as unreasonable and moves that they be

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

[2] An order was mistakenly entered granting the opposed application. (doc. 50). This order was entered before the Commissioner entered her response. Accordingly, the Commissioner's Unopposed Motion for Reconsideration (doc. 51) of that Order is GRANTED.

reduced accordingly. For the reasons set forth below, Plaintiff's Application for Fees is GRANTED in part and DENIED in part.

## BACKGROUND

In July 2009, Plaintiff applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to the Social Security Act ("Act"). His applications were denied initially and upon reconsideration. A hearing was held before an Administrative Law Judge ("ALJ"), in which Plaintiff was represented by counsel and testified, as did a vocational expert. The ALJ issued a decision finding Plaintiff not disabled under the Act. After the Appeals Council denied the request for review, Plaintiff filed a complaint in the District Court.

After Plaintiff filed his complaint, the Commissioner offered to settle this case by stipulating to a reversal of the ALJ's decision on specific grounds and remand for further proceedings. Plaintiff rejected this offer, and this Court issued an Opinion and Order (doc. 37) finding that the ALJ had committed harmful legal error. In his briefing, Plaintiff made many assignments of error and argued that the Court remand the case to the Commissioner for an immediate award of benefits. Ultimately, this Court reversed the decision of the Commissioner and remanded for further proceedings consistent with the Court's opinion. Accordingly, a Judgment was entered dismissing the case.

Plaintiff then filed a Notice of Appeal to Ninth Circuit Court of Appeals, appealing from the Final Judgment. After denying Plaintiff's petition for rehearing, the Ninth Circuit panel issued its Mandate, which affirmed the decision of this

Court. *Bramble v. Berryhill*, 692 F. App'x 862 (9th Cir. 2017). The panel found that this Court had not abused its discretion by remanding the case for further proceedings rather than for an immediate payment of benefits. Plaintiff later filed the present Application for Fees. Therein, Plaintiff moves this Court for a total EAJA fee award of $16,162.32.[3]

## LEGAL STANDARD

A party that prevails against the United States in a civil action is entitled, in certain circumstances, to an award of attorney fees, court costs, and other expenses under the EAJA. 28 U.S.C. § 2412 (2019). The EAJA provides that:

> a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Thus, § 2412 establishes a two-part test for determining whether attorney fees should be awarded. The court must first determine whether the plaintiff was a prevailing party. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). If the plaintiff was a prevailing party, the court must then determine whether the government was substantially justified in its position, and that no other special circumstances exist for making an award of attorney fees unjust. *Id.* To meet the "substantially

---

[3] This fee represents $345.99 for 1.85 hours in 2013, $9,242.61 for 48.63 hours in 2014, $6,260.21 for 32.90 hours in 2015, and $822.99 for 4.20 hours in 2017.

justified" standard, the government must prove it was "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Le v. Astrue*, 529 F.3d 1200, 1201 (9th Cir. 2008). If the government proves it was substantially justified in its position, then attorney fees will not be awarded to the plaintiff. *Flores*, 49 F.3d at 567.

If a plaintiff is the prevailing party and the government is not substantially justified, the plaintiff is eligible for "reasonable" attorney's fees under the EAJA. 28 U.S.C. § 2412(d)(2)(A). When determining whether attorney's fees are reasonable under the EAJA, federal courts use the "lodestar" method. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). "To calculate the lodestar amount, the court multiplies 'the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate.'" *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The court can also add or subtract from the lodestar amount by considering "reasonableness factors, including the quality of representation, the benefit obtained . . ., the complexity and novelty of the issues presented, and the risk of nonpayment." *Stetson v. Grissom*, 821 F.3d 1157, 1166-67 (9th Cir. 2016). Additionally, "where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Hensley*, 461 U.S. at 440.

## DISCUSSION

Plaintiff asks this Court to grant an EAJA fee award of $16,162.32 for 84.98 hours billed from 2013–2017. This award can be divided in three substantive

portions: (1) $4,958.74 for hours worked up to and including the Commissioner's offer to stipulate for a remand of the case;[4] (2) $3,801.20 for hours worked after the offer up to the appeal to the Ninth Circuit;[5] and (3) $7,402.38 for hours worked related the appeal to the Ninth Circuit.[6]

The Commissioner concedes that Plaintiff was the prevailing party and that the Commissioner's position was not substantially justified, and thus Plaintiff may recover reasonable attorney's fees. The Commissioner contends, however, that Plaintiff's fee award should be reduced for three reasons. First, the Commissioner argues that the Court should not award Plaintiff $7402.39 for the 38.86 hours related to his appeal to the Ninth Circuit because the appeal was unsuccessful. Second, the Commissioner argues that Plaintiff "should not recover for work performed after the Commissioner's settlement offer because he did not achieve better results by continuing the litigation." Def's Opp. To Pl's Mot. for Fees at 5. Finally, the Commissioner contends that any fees awarded should be reduced in

---

[4] Plaintiff's attorney billed 25.58 hours for work up to the rejection of the offer to stipulate for a remand, which equals a fee of $4,958.75. Plaintiff's attorney billed 1.85 hours at the 2013 hourly rate of $187.02 ($345.99) and billed 24.27 hours at the 2014 hourly rate of $190.06 ($4,612.75).

[5] Plaintiff's attorney billed twenty hours for work after the offer up to, but not including, the appeal to the Ninth Circuit at the 2014 hourly rate of $190.06 ($3,801.20). Contrary to Defendant's summations, the Court includes the hours billed on September 30, 2014 for reviewing this Court's decision and writing to the client as work before the appeal to the Ninth Circuit.

[6] Plaintiff's attorney billed 38.86 hours for work related to the appeal to the Ninth Circuit, which equals a fee award of $7402.39. This number represents 4.36 hours billed at the 2014 hourly rate of $190.06 ($828.66); 32.90 hours billed at the 2015 hourly rate of $190.28 ($6,260.21); and 1.6 hours billed at the 2017 hourly rate of $195.95 ($313.52). Both the number of hours billed and the totaled fee award reflect Plaintiff's reduction of 2.6 hours as a recognition that Plaintiff did not prevail on the July 19, 2017 petition for rehearing.

proportion to the arguments on which Plaintiff succeeded compared to total number raised in his briefing. The Court addresses each issue in turn.

## I. *Fees Related to Appeal*

The Commissioner argues that the fees requested, $7402.39 for 38.86 hours, are unreasonable with respect to the hours billed for the Ninth Circuit appeal because Plaintiff did not "change the disposition of his claim." Def's Opp. To Pl's Mot. for Fees at 3. Plaintiff responds that he should receive fees for the work performed on the appeal, arguing that the Ninth Circuit's ruling placed another burden on the Commissioner on remand, which was an improvement in his position.

The EAJA allows the court to award "reasonable" attorney's fees. 28 U.S.C. § 2412(d)(2)(A). However, district courts "must consider the results obtained . . . when determining whether EAJA fees requested by a prevailing party for an unsuccessful appeal are reasonable." *Atkins v. Apfel*, 154 F.3d 986, 986 (9th Cir. 1998) (reversing the district court's award of attorney fees for hours Plaintiff spent pursuing an unsuccessful appeal seeking a remand for award of benefits after the district court granted a remand for further proceedings because the plaintiff's position was not advanced by the appeal). Attorney's fees should not be awarded "for hours spent pursuing an appeal that does not contribute to 'the favorable result achieved by the litigation' or 'which results in no further benefit' to the prevailing party." *Pope v. Comm'r Soc. Sec. Admin.*, 2011 WL 7462036, at *2 (D. Or. Dec. 29, 2011) (quoting *Atkins*, 154 F.3d at 988).

In its previous Opinion and Order remanding this case for further proceedings, this Court found "the ultimate issue of plaintiff's disability [to be] unsettled." *Bramble v. Colvin*, 2014 WL 4840570, at *7 (D. Or. Sept. 26, 2014).

> As discussed above, the ALJ properly discredited all the evidence that was sufficient to establish disability if credited as true, such that factual issues remain concerning whether plaintiff is capable of working, or in what capacity, given his limitations. On remand, the ALJ must reassess plaintiff's alleged impairments at step two and reevaluate the medical evidence. If necessary, the ALJ must then reformulate plaintiff's RFC and perform the subsequent steps of the sequential evaluation process.

*Id.* Plaintiff found this result unsatisfactory and appealed to the Ninth Circuit to obtain an immediate disability ruling and a ruling that the Commissioner made other errors. The Ninth Circuit affirmed this Court's decision and found that "the ALJ erred at step two by failing to discuss whether Attention Deficit Hyperactivity Disorder (ADHD) was a severe mental impairment." *Bramble*, 692 F. App'x at 863. Plaintiff contends that the Ninth Circuit's more explicit language that the Commissioner must rule on whether ADHD is a severe mental impairment at step two constitutes a "specific consideration of [ADHD] beyond the terms of the District Court's remand." Mot. for Atty. Fees. at 3.

This Court does not find the fees related to the appeal to be reasonable because the appeal was ultimately unsuccessful, and it did not advance Plaintiff's position. This Court ordered the Commissioner to "reassess plaintiff's alleged impairments at step two and reevaluate the medical evidence." *Bramble*, 2014 WL 4840570, at *7. The Ninth Circuit instructed the Commissioner to determine at step two whether ADHD is a severe mental impairment. *Bramble*, 692 F. App'x at

863. At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Bowen v. Yuckert*, 482 U.S. 137, 140–41 (1987). Plaintiff alleged that ADHD was one of his impairments. Tr. 212. Because this Court already ordered the Commissioner to reassess "plaintiff's alleged impairments" and the Ninth Circuit ordered that the Commissioner consider Plaintiff's alleged impairment of ADHD, this Court finds that the Ninth Circuit's order did not advance Plaintiff's position.

Thus, the Court denies Plaintiff's petition for the $7,402.39 in fees resulting from the 38.86 hours expended on the appeal to the Ninth Circuit.

II.    *Recovery for work performed after the Commissioner's Settlement Offer*

The Commissioner next argues that Plaintiff should not recover fees of $3,801.20 for 20 hours billed after the Commissioner's May 13, 2014 settlement offer because he did not improve his position by continuing the litigation. The Commissioner asserts that Plaintiff should not recover for these hours because, in his briefing, he petitioned this Court for a remand for payment of benefits but instead received a remand for further proceedings. Further, the Commissioner argues that this Court's order resulted the same outcome that was offered in her proposed stipulation to a remand for further proceedings. Plaintiff contends that the remand for further proceedings ordered by this Court constituted an improvement of Plaintiff's position compared to the specific terms of the settlement offer from the Commissioner.

The EAJA binds courts so that they may only award fees that are reasonable. The Ninth Circuit has recognized that "settlement negotiations may be considered by the district court as a factor in determining a fee award." *Ingram v. Oroudjian*, 647 F.3d 925, 927 (9th Cir. 2011); *see also Cascadia Wildlands v. Bureau of Land Management*, 987 F. Supp. 2d 1085, 1095 (D. Or. 2013) (where the district court considered a rejected settlement agreement when granted attorney's fees under the EAJA). In determining a proper fee award under the EAJA, the court may deny a fee request where the relief ordered by the court is not beyond the relief contained in a rejected settlement offer. *Register v. Colvin*, 2017 WL 413085, at *5 (D. AZ. January 31, 2017).

Here, the Commissioner conceded errors related to steps four and five in her settlement offer and Motion to Remand for Further Proceedings. (doc. 46). At step four, the Commissioner determines whether the claimant can still perform "past relevant work," 20 C.F.R. §§ 404.1520(f), 416.920(f); at step five the Commissioner establishes that the claimant can perform other work existing in significant numbers in the national and local economy, *Yuckert*, 482 U.S. at 141–42. Even so, both this Court and the Ninth Circuit found that the Commissioner erred at two, which potentially tainted the ALJ's residual functional capacity ("RFC") determination. As a result, neither this Court nor the Ninth Circuit could determine whether there was an error at step four or five.

Step two is a major junction in the disability analysis because it is where the Commissioner determines whether the claimant has a "medically severe

impairment or combination of impairments." *Id.* What the Commissioner finds at step two shapes the rest of the sequential analysis. Thus, the Commissioner's assertion that Plaintiff's failure to receive a remand for payment of benefits necessarily precludes any award of fees for work billed after a settlement was offered is not well taken. It ignores that the remand based on an error at step two advances his position more than the terms offered by the Commissioner to remand based on errors at steps four and five. Accordingly, the Court grants Plaintiff's petition for fees relating to work performed after the May 14, 2014 settlement offer.

III.    *Fees Related to Unsuccessful Assignments of Error*

Finally, the Commissioner argues that Plaintiff's fees should be reduced proportionally based on the number of assignments of error on which he succeeded. Defendant contends that Plaintiff was only successful on one of his five assignments of error and therefore should have his attorney's fees reduced to only 20% of the hours billed. The Court declines to adopt this approach.

Compensable attorney's fees under EAJA must be "reasonable" and must be based on the results obtained. *Hensley*, 461 U.S. at 434. When looking at the results obtained, *Hensley* sets up a two-part test to determine whether the hours billed will result in a reasonable fee award. *Id.* First, the court must determine whether the plaintiff "fail[ed] to prevail on claims that were unrelated to the claims on which he succeeded." *Id.* Second, the court must determine whether the "plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Id.*

This Court summarized Plaintiff's assignments of error as the following:

> [The Commissioner erred by] (1) finding [Plaintiff's] subjective symptom testimony not credible; (2) rejecting the lay witness testimony of Addi F[.]; (3) improperly evaluating medical opinions from Mark Vanderburgh, M.D., Robert Henry, Ph.D., Paul Stoltzfus, Psy. D., and Joshua Boyd, Psy. D.; (4) failing to assess whether [Plaintiff's] ADHD was a medically determinable severe impairment at step two; and (5) making insufficient findings of fact at step four.

*Bramble*, 2014 WL 4840570, at *3. Plaintiff asserted that those errors warranted a remand for payment of benefits.

As noted above, this Court remanded for further proceedings and the Ninth Circuit affirmed that ruling, based on the finding that the Commissioner failed to properly evaluate Plaintiff's alleged impairments at step two. The Commissioner was ordered to "reassess plaintiff's alleged impairments at step two and reevaluate the medical evidence" and, if necessary, to "reformulate plaintiff's RFC and perform the subsequent steps of the sequential evaluation process." *Id.* at 7. This Court also explicitly found that the Commissioner did not commit harmful error regarding assignments one, two, and three.

This Court finds that all the assignments of error were sufficiently related to each other as they all were based on the same set of facts—evidence related Plaintiff's medical history. Plaintiff's assignments of error stemmed from decisions that the Commissioner made based on Plaintiff's medical record. Further, because this Court remanded for an error at step two, which affects the remaining sequence of steps in a disability determination, any medical evidence that the Commissioner would need to use in the following steps is relevant.

The next step in the *Henley* test is to determine whether the "plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." 461 U.S. at 434. If a plaintiff achieves "excellent results" he should "recover a fully compensatory fee." *Id.* at 435. A plaintiff need not receive all the relief requested to have achieved excellent results. *Sorenson v. Mink*, 239. F.3d 1140, 1147 (9th Cir. 2006); *see also Hensley*, 461 U.S. at 435 n.11. Indeed, several courts in this District have found that even where a claimant only prevails on one claim but still received a ruling for a remand for further proceedings, the claimant achieved "excellent results." *See Williams v. Astrue*, 2012 WL 3527224, at *2 (D. Or. June 26, 2012), *report and recommendation adopted, Williams v. Astrue*, 2012 WL 3527207 (D. Or. Aug. 15, 2012) (holding that a remand for further proceedings on plaintiff's disability appeal required the inclusion in her EAJA fee award of hours spent on failed but related arguments); *Eastman v. Astrue*, 2013 WL 1130784, at *4–5 (D. Or. Jan. 25, 2013), *report and recommendation adopted* 2013 WL 1130762 (D. Or. Mar. 15, 2013) (declining to exclude from the plaintiff's EAJA fee award hours spent on three failed arguments when the court remanded the case for further proceedings).

This Court does not find the Commissioner's reasoning persuasive here, because while plaintiff did present multiple arguments, they were all in support of one claim for relief to this court: a claim for disability benefits. The Court did not find all those arguments persuasive, but Plaintiff achieved the relief he sought a reversal of the Commissioner's decision denying him benefits. Thus, considering

the relatedness of the issues presented, the performance of counsel, and the successful result, the Court holds no reduction based on limited success is warranted and the fee award sought is reasonable.

## CONCLUSION

Pursuant to the EAJA, 28 U.S.C. § 2412, an attorney fee in the amount of $8,759.94 is awarded to Plaintiff.

It is ordered that the attorney fee will be paid to Plaintiff's attorney, dependent upon verification that Plaintiff has no debt which qualifies for offset against the awarded fees, pursuant to the Treasury Offset Program as discussed in *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010). If Plaintiff has no such debt, then the check shall be made payable to Plaintiff's attorney, Max Rae, and mailed to Plaintiff's attorney's mailing address at: P.O. Box 7790, Salem, Oregon 97303-0175. If Plaintiff has such debt, then the check for any remaining funds after offset of the debt shall be made payable to Plaintiff and mailed to Plaintiff's attorney's mailing address stated above.

IT IS SO ORDERED.

Dated this 26th day of July, 2019.

Ann Aiken
United States District Judge